THE GILLETTE COMPANY v DEPARTMENT OF TREASURY

Docket No. 118660. Submitted May 7, 1992, at Lansing. Decided March 1, 1993, at 9:00 A.M. Leave to appeal sought.

The Gillette Company, a Delaware corporation whose base of operations as a manufacturer is in Massachusetts, petitioned the Michigan Tax Tribunal for review of single business tax assessments levied by the Department of Treasury for the years 1976 through 1981. During that period, the petitioner maintained a sales staff of at least eighteen full-time representatives in Michigan who took orders from retailers, submitted them to the petitioner's main office, reviewed retailers' product displays, informed retailers of promotions offered by the petitioner, and replaced defective merchandise. The tribunal affirmed the assessments. The petitioner appealed.

The Court of Appeals *held:*

1. The single business tax is a value added tax, not an income tax, and therefore is not precluded by 15 USC 381, which bars state taxes imposed on, or measured by, net income derived from interstate commerce if the only business activity within the state consists of the solicitation of orders that are sent outside the state for approval.

2. The imposition of single business taxes on the petitioner does not violate the Due Process Clause, US Const, Am XIV. The petitioner purposefully directed its activities at Michigan residents, the magnitude of its contacts was more than sufficient for due process purposes, and the tax is related to the benefits the petitioner received from access to Michigan.

3. The imposition of single business taxes on the petitioner does not violate the Commerce Clause, US Const, art I, § 8, cl 3. The tax is applied to an activity with a substantial nexus with Michigan, is fairly apportioned, does not discriminate against

REFERENCES

Am Jur 2d, State and Local Taxation §§ 103-110, §§ 244-253, §§ 285-306, §§ 453 *et seq.*, § 1151.

Comment Note.—Validity, under Federal Constitution, of state tax on, or measured by, income of foreign corporation. 67 ALR2d 1322.

interstate commerce, and is fairly related to the services provided by Michigan.

4. The Tax Tribunal did not err in determining that, under the circumstances of this case, the petitioner was engaged in business activity in Michigan, as defined by MCL 208.3(2); MSA 7.558(3)(2), so as to be liable for single business taxes.

5. In the absence of clear and cogent evidence that the apportionment formula used by the respondent disproportionately attributed business activity in Michigan or led to a grossly distorted result, the petitioner is not entitled to a revision of the formula pursuant to MCL 208.69; MSA 7.558(69).

6. The respondent's failure to provide supporting reasons and authority for its assessments in its decision and order of determination of taxes due following an informal hearing does not render the assessments void or mandate a reversal of the decision of the Tax Tribunal in view of the review de novo conducted by the tribunal.

7. The Tax Tribunal's failure to explicitly state that the respondent bore the burden of proving jurisdiction to impose single business taxes on the petitioner does not constitute error. The tribunal and the parties were aware of the burden of proof, and the tribunal did not shift any part of that burden to the petitioner.

8. The Tax Tribunal did not abuse its discretion in denying the petitioner's discovery motions.

Affirmed.

1. TAXATION — SINGLE BUSINESS TAX — VALUE ADDED TAX.

The single business tax is a value added tax, not an income tax, and is not precluded by the federal statute that bars state taxes imposed on, or measured by, net income derived from interstate commerce if the only business activity within the state consists of the solicitation of orders that are sent outside the state for approval (MCL 208.1 et seq.; MSA 7.558[1] et seq.; 15 USC 381).

2. TAXATION — SINGLE BUSINESS TAX — FOREIGN ENTITIES — CONSTITUTIONAL LAW — DUE PROCESS.

The imposition of single business taxes on a foreign entity does not violate the Due Process Clause where the entity purposefully directs its activities at Michigan residents, the magnitude of its contacts are more than sufficient, and the tax is related to the benefits the entity receives from access to Michigan (MCL 208.1 et seq.; MSA 7.558[1] et.seq.; US Const, Am XIV).

3. TAXATION — SINGLE BUSINESS TAX — FOREIGN ENTITIES — CONSTI-
    TUTIONAL LAW — COMMERCE CLAUSE.

   The imposition of single business taxes on a foreign entity does
   not violate the Commerce Clause where it applies to an activity
   with a substantial nexus with Michigan, is fairly apportioned,
   does not discriminate against interstate commerce, and is fairly
   related to the services provided by Michigan (MCL 208.1 *et seq.*;
   MSA 7.558[1] *et seq.*; US Const, art I, § 8, cl 3).

4. TAXATION — SINGLE BUSINESS TAX — APPORTIONMENT FORMULA.

   To be entitled to a revision of the single business tax apportion-
   ment formula used in assessing the tax, a taxpayer must
   present clear and cogent evidence that the formula dispropor-
   tionately attributes business activity or has led to a grossly
   distorted result (MCL 208.69; MSA 7.558[69]).

5. TAXATION — BURDEN OF PROOF.

   The state always has the burden of establishing the necessary
   facts to sustain a claim for taxes.

6. TAXATION — TAX TRIBUNAL — DISCOVERY.

   Discovery procedures do not apply in nonproperty tax appeals in
   the Tax Tribunal unless ordered by the tribunal.

*Miller, Canfield, Paddock & Stone* (by *Samuel J. McKim, III, Robert F. Rhoades,* and *Joanne B. Faycurry*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins* and *Terry P. Gomoll,* Assistant Attorneys General, for the respondent.

Before: WAHLS, P.J., and MARILYN KELLY and REILLY, JJ.

REILLY, J. Petitioner appeals as of right from an opinion and judgment of the Michigan Tax Tribunal affirming tax assessments against petitioner for the years 1976 through 1981 pursuant to the Single Business Tax Act, MCL 208.1 *et seq.*; MSA 7.558(1) *et seq.* We affirm.

Petitioner, a Delaware corporation, with its base

of operations in Boston, Massachusetts, is a manufacturer and wholesaler of personal care products, razors, and ball-point pens. During the period in question, petitioner maintained a sales staff that called on customers in Michigan. The sales representatives took orders from customers and submitted them to the main office, reviewed customers' displays and shelving arrangements of Gillette merchandise, informed customers of promotions offered by petitioner, and replaced defective merchandise.

Petitioner filed three separate petitions with the Michigan Tax Tribunal contesting respondent's single business tax assessments against petitioner for the years 1976 through 1981. Petitioner challenged, on the basis of 15 USC 381 and MCL 208.3(2); MSA 7.558(3)(2), respondent's jurisdiction to make the assessments. Additionally, petitioner challenged the apportionment of its Michigan business activities and asserted procedural errors on the part of respondent. After a lengthy hearing, the tribunal rejected all of petitioner's arguments and affirmed the taxes and interest assessed by respondent.

Our review of Tax Tribunal decisions, in the absence of fraud, is limited to whether the tribunal made an error of law or adopted a wrong legal principle. *Dow Chemical Co v Dep't of Treasury*, 185 Mich App 458, 462-463; 462 NW2d 765 (1990). We accept the factual findings of the tribunal as final, provided they are supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Dow, supra.*

I

APPLICATION OF 15 USC 381 (PL 86-272)

Petitioner argues, as it did before the tribunal,

that respondent is prohibited from assessing single business taxes on petitioner for mere solicitation of orders in Michigan by 15 USC 381 (PL 86-272), which provides, in pertinent part:

> (a) No State . . . shall have power to impose . . . a *net income tax* on the income derived within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person during such taxable year are either, or both, of the following:
>
> (1) the solicitation of orders by such person, or his representative, in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State; and
>
> (2) the solicitation of orders by such person, or his representative, in such State in the name of or for the benefit of a prospective customer of such person, if orders by such customer to such person to enable such customer to fill orders resulting from such solicitation are orders described in paragraph (1). [Emphasis added.]

The term "net income tax" is defined as "any tax imposed on, or measured by, net income." 15 USC 383.

Although not raised as an issue by the parties, we must determine whether PL 86-272 applies in the instant case.[1] Respondent asserts in its brief on appeal that the single business tax is not an income tax. However, respondent acknowledges

[1] This issue apparently has not been resolved by an appellate court of this state. In *Amway Corp v Dep't of Treasury,* 433 Mich 908; 448 NW2d 348 (1989), the Supreme Court vacated, in part, the decision of this Court in 176 Mich App 285; 438 NW2d 904 (1989), and ordered this Court to entertain supplemental briefing on whether PL 86-272 had any application to that case, which involved the imposition of the single business tax. However, the issue was never addressed by this Court because the case was dismissed by stipulation of the parties. See Docket No. 124202.

that it used PL 86-272 as a guide for determining whether there was a sufficient nexus between the activities of petitioner and the State of Michigan to permit the assessment of the single business tax.[2]

The single business tax is a consumption-type value added tax. *Caterpillar, Inc v Dep't of Treasury,* 440 Mich 400, 408; 488 NW2d 182 (1992). "Value added is defined as the increase in the value of goods and services brought about by whatever a business does to them between the time of purchase and the time of sale." Haughey, *The economic logic of the single business tax,* 22 Wayne L R 1017, 1018 (1976). The value added tax is imposed upon the value added by the production of the final goods. *Mobil Oil Corp v Dep't of Treasury,* 422 Mich 473, 493; 373 NW2d 730 (1985).

> A VAT [value added tax] differs in important respects from a corporate income tax. A corporate income tax is based on the philosophy of ability to pay, as it consists of some portion of the profit remaining after a company has provided for its workers, suppliers, and other creditors. A VAT, on the other hand, is a much broader measure of a firm's total business activity. Even if a business entity is unprofitable, under normal circumstances it adds value to its products and, as a consequence, will owe some VAT. Because value added is a measure of actual business activity, a VAT correlates more closely to the volume of governmental services received by the taxpayer than does an income tax. Further, because value added does not fluctuate as widely as net income, a VAT provides a more stable source of revenue than the corporate income tax. [*Trinova Corp v Michigan Dep't of*

---

[2] Although petitioner argues the contrary, the tribunal did consider whether the activities of petitioner for all of the years in question exceeded "mere solicitation."

*Treasury,* 498 US 358; 111 S Ct 818, 824; 112 L Ed 2d 884, 898 (1991).]

Section 31 of the Single Business Tax Act provides that the tax levied and imposed under the act is imposed upon "the privilege of doing business and not upon income." MCL 208.31(3); MSA 7.558(31)(3). The appellate courts of this state have rejected the theory that the single business tax is a tax upon income. *Trinova Corp v Dep't of Treasury,* 433 Mich 141, 149; 445 NW2d 428 (1989), aff'd 498 US 358; 111 S Ct 818; 112 L Ed 2d 884 (1991); *Mobil Oil, supra,* 493-495; *Town & Country Dodge, Inc v Dep't of Treasury,* 152 Mich App 748, 755; 394 NW2d 472 (1986); *Wismer & Becker Contracting Engineers v Dep't of Treasury,* 146 Mich App 690, 696; 382 NW2d 505 (1985).[3] We conclude, therefore, that the single business tax is not a tax "imposed on" net income.

Next, we consider whether the single business tax is a tax "measured by" net income. The computation of the single business tax begins with the calculation of the taxpayer's tax base. "Tax base" is defined as business income (or loss) before apportionment subject to certain adjustments. MCL 208.9; MSA 7.558(9); *Trinova, supra,* 433 Mich 150. "Business income" is essentially federal taxable income. MCL 208.3(3); MSA 7.558(3)(3). Adjustments to business income include additions to reflect business consumption of labor and capital. Additions to business income include adding back compensation, depreciation, dividends, and interest *paid* by the taxpayer to the extent deducted from federal taxable income. Common deductions from

---

[3] But see *Armco Steel Corp v Dep't of Revenue,* 359 Mich 430; 102 NW2d 552 (1960), which analogized the now repealed Michigan business activities tax, MCL 205.551-205.563; MSA 7.557(1)-7.557(24), repealed by 1967 PA 281, which was also a type of value added tax, to a net income tax.

business income include dividends, interest, and royalties *received* by the taxpayer to the extent included in federal taxable income. This income is deducted for the purpose of value added computation because it does not result from capital expenditure by the taxpayer. MCL 208.9; MSA 7.558(9); *Trinova, supra,* 433 Mich 150-151.[4] Once the tax base is calculated, the portion of the value added that is attributable to Michigan must be determined. MCL 208.45; MSA 7.558(45).[5] After the tax base has been apportioned and subjected to certain adjustments, it is multiplied by 2.35 percent to determine the taxpayer's tax liability. MCL 208.31(1); MSA 7.558(31)(1).

It is clear from the theory underlying the single business tax and the methods used to calculate the tax base and the apportionment formula, that the single business tax is not a tax "measured by net income." Although business income or federal taxable income is a starting point for and a component of the tax base, because of the extensive

[4] See Kasischke, *Computation of the Michigan single business tax: Theory and mechanics,* 22 Wayne L R 1069 (1976), for a complete discussion regarding the calculation of the tax base.

[5] MCL 208.45; MSA 7.558(45) provides the formula for apportioning a taxpayer's tax base between two or more taxing states. The three-factor formula used to apportion the value added for the tax years applicable in this case was determined as follows:

1. $\dfrac{\text{average value of taxpayer's Michigan property}}{\text{average value of taxpayer's total property}} = X$

2. $\dfrac{\text{total wages paid in Michigan}}{\text{total wages paid by the taxpayer}} = Y$

3. $\dfrac{\text{sales within Michigan}}{\text{total sales}} = Z$

4. $\dfrac{X + Y + Z}{3} = $ apportionment percentage.

adjustments required to compute the single business tax, we cannot say that the tax is "measured by" net income.[6] Accordingly, we conclude that the restriction imposed by PL 86-272 does not apply to taxes imposed under the Single Business Tax Act.[7]

II

Because PL 86-272 does not apply in this case, we must determine whether the imposition of the single business tax on petitioner is permissible under the Due Process and Commerce Clauses, US Const, Am XIV and art I, § 8, cl 3. Although the trial court did not resolve these issues, our review is nevertheless proper because these issues involve the determination of a question of law and the facts necessary for their resolution have been presented. *Spruytte v Owens*, 190 Mich App 127, 132; 475 NW2d 382 (1991).

### A. DUE PROCESS ANALYSIS

In order to meet the requirements of the Due Process Clause there must be "some definite link, some minimum connection, between a state and

[6] See also Opper, *Constitutional aspects of the Single Business Tax Act*, 22 Wayne L R 1167, 1168-1171 (1976).

[7] We need not determine whether petitioner's activity in Michigan exceeded "mere solicitation" under the standard of *Wisconsin Dep't of Revenue v Wrigley Co*, 505 US —; 112 S Ct 2447; 120 L Ed 2d 174 (1992), because that case addressed only the prohibition against taxation of net income derived from "mere solicitation" under PL 86-272.

We are aware that the single business tax replaced several different business taxes, including the corporate income tax. *Trinova, supra,* 111 S Ct 825. We also recognize that Michigan was the first and may be the only state to impose a value added type tax on business activity. *Id.* It seems likely that Congress, when enacting PL 86-272 to preclude the imposition of a net income tax upon foreign corporations whose activities in the taxing state were limited to mere solicitation, did not contemplate the creation or imposition of a value added tax. Nevertheless, we are bound by the plain words of the statute, which addresses only taxes "imposed on, or measured by, net income."

the person, property or transaction it seeks to tax." *Quill Corp v North Dakota,* 504 US —; 112 S Ct 1904, 1909; 119 L Ed 2d 91, 102 (1992), quoting *Miller Bros Co v Maryland,* 347 US 340, 344-345; 74 S Ct 535; 98 L Ed 744 (1954). Additionally, the income attributed for tax purposes must be rationally related to "values connected with the taxing State." *Id.,* quoting *Moorman Mfg Co v Bair,* 437 US 267, 273; 98 S Ct 2340; 57 L Ed 2d 197 (1978).

In *Quill,* the petitioner challenged the authority of the State of North Dakota to compel it to collect a use tax from its North Dakota customers. The petitioner in *Quill* sold office supplies and equipment through catalogs, advertisements in national periodicals, and telephone calls. It did not have sales personnel or any employees located in North Dakota, nor did it own any significant amount of property in the state. Nevertheless, the Supreme Court found that there was a sufficient connection between the petitioner and North Dakota to satisfy due process requirements:

> In this case, there is no question that Quill has purposefully directed its activities at North Dakota residents, that the magnitude of those contacts are more than sufficient for due process purposes, and that the use tax is related to the benefits Quill receives from access to the State. We therefore agree with the North Dakota Supreme Court's conclusion that the Due Process Clause does not bar enforcement of that State's use tax against Quill. [*Quill, supra,* 112 S Ct 1911.]

Similarly, we conclude that the Due Process Clause does not bar the assessment of the single business tax on petitioner for the years 1976-1981. During that time, petitioner employed at least eighteen full-time sales representatives in the State of Michigan for the purpose of soliciting

orders from customers in Michigan. As in *Quill,* petitioner purposefully directed its activities at Michigan residents and the magnitude of its contacts is "more than sufficient for due process purposes." Furthermore, the single business tax is related to the benefits petitioner receives from access to Michigan.

### B. COMMERCE CLAUSE ANALYSIS

As the Supreme Court explained in *Quill,* the nexus standards of the Due Process and Commerce Clauses are not identical. A tax that withstands a due process challenge will not necessarily withstand a Commerce Clause challenge. *Quill, supra,* 112 S Ct 1913. A tax will sustain a Commerce Clause challenge when it: (1) is applied to an activity with a substantial nexus with the taxing state, (2) is fairly apportioned, (3) does not discriminate against interstate commerce, and (4) is fairly related to the services provided by the state. *Complete Auto Transit, Inc v Brady,* 430 US 274, 279; 97 S Ct 1076; 51 L Ed 2d 326 (1977); *Caterpillar, supra,* 415. Although it does not directly address the issue of the Commerce Clause, the focus of petitioner's argument below and of the tribunal's findings was on the nexus between petitioner's activities and the State of Michigan.

In *Quill,* the Court was concerned with whether a taxpayer must have a physical presence in the taxing state before a substantial nexus could be established. In reaffirming the physical presence requirement of *Nat'l Bellas Hess, Inc v Illinois Dep't of Revenue,* 386 US 753; 87 S Ct 1389; 18 L Ed 2d 505 (1967), the Court noted that the presence in a state of a small sales force, plant, or office may be sufficient to establish a substantial nexus for Commerce Clause purposes. *Quill, supra,*

112 S Ct 1914-1915, citing *Nat'l Geographic Society v California Bd of Equalization,* 430 US 551; 97 S Ct 1386; 51 L Ed 2d 631 (1977); *Scripto, Inc v Carson,* 362 US 207; 80 S Ct 619; 4 L Ed 2d 660 (1960).

In the present case, not only did petitioner have a sales staff of at least eighteen full-time sales representatives located in Michigan, it had an ownership interest in promotional and replacement merchandise located in Michigan, leased automobiles for its sales representatives in Michigan, and had substantial sales in Michigan generated by the sales staff. Accordingly, we conclude that the single business tax imposed in this case was applied to an activity having a substantial nexus to this state. *Scripto, supra; Caterpillar, supra,* 417.

### III

### TAXATION ON "BUSINESS ACTIVITY"

Next, petitioner argues that the Tax Tribunal's decision was erroneous because petitioner is not engaged in "business activity" within the State of Michigan and, therefore, cannot be subject to the single business tax. We disagree.

MCL 208.31(1); MSA 7.558(31)(1) provides that a tax of 2.35 percent will be imposed upon every person with business activity in Michigan. "Business activity" is defined as

> a transfer of legal or equitable title to or rental of property, whether real, personal, or mixed, tangible or intangible, or the performance of services, or a combination thereof, made or engaged in, or caused to be made or engaged in, within this state, whether in intrastate, interstate, or foreign commerce, with the object of gain, benefit, or advan-

tage, whether direct or indirect, to the taxpayer or to others, but shall not include the services rendered by an employee to his employer, services as a director of a corporation, or a casual transaction. Although an activity of a taxpayer may be incidental to another or other of his business activities, each activity shall be considered to be business engaged in within the meaning of this act. [MCL 208.3(2); MSA 7.558(3)(2).]

During the period in question, petitioner engaged in business activity in Michigan through its sales representatives, who personally approached Michigan businesses and solicited orders for petitioner's products, provided expertise and advice to those businesses regarding the sale of petitioner's products to their customers, and acted as liaison between those businesses and petitioner. These are essentially the same activities performed by the taxpayer in *Trinova, supra,* where the Court, noting the definition of business activity provided in MCL 208.3; MSA 7.558(3), found that Trinova's sales to Michigan customers were a "business activity." See 433 Mich 164, n 25.

Petitioner argues that the transfer of legal title to the property sold did not occur in this state. However, we note that petitioner's sales representatives, while soliciting orders, were also engaged in performing services for its customers "with the object of gain, benefit, or advantage, whether direct or indirect."

IV

APPORTIONMENT OF PETITIONER'S BUSINESS ACTIVITY
TO MICHIGAN

Petitioner also asserts that if it is to be subjected to the single business tax, the apportionment formula used pursuant to MCL 208.45; MSA 7.558(45)

should be revised because it does not fairly represent the extent of the petitioner's business activity in the state, MCL 208.69; MSA 7.558(69). The same argument was made by the taxpayer in *Trinova, supra.* In that case, the Court first noted that apportionment relief under MCL 208.69; MSA 7.558(69) was available only if the apportionment provisions "do not fairly represent the extent of the taxpayer's business activity in this state." 433 Mich 155. Apportionment relief pursuant to § 69, is available upon a showing of "clear and cogent evidence that the total business activity attributed to the state is out of all appropriate proportion to the taxpayer's intrastate business activity or has led to a grossly distorted result." *Id.,* 167.

In *Trinova,* the taxpayer argued that its apportioned compensation was greater that its actual Michigan compensation and its apportioned depreciation was greater than its actual Michigan depreciation. The Court rejected the notion that a taxpayer's business activity is not fairly apportioned because a single component of that activity is not accurately reflected under the apportionment scheme. The Court found that, in order to determine the propriety of the apportioned business activity, the activity as a whole must be examined. *Id.,* 161-163.

In this case, petitioner asserts that its business activity in Michigan is overstated because the apportionment formula improperly identifies sales to Michigan businesses in calculating the Michigan portion of the sales factor of the formula. Petitioner asserts that these sales should not be attributable to Michigan because they are made in Boston, Massachusetts. See MCL 208.52; MSA 7.558(52). However, petitioner has not presented clear and cogent evidence that its total business

activity attributed to Michigan is out of all proportion to petitioner's intrastate business or that the apportionment formula has led to a grossly distorted result. Accordingly, we conclude that petitioner is not entitled to relief under MCL 208.69; MSA 7.558(69).

v

## DE NOVO REVIEW BY TAX TRIBUNAL

Petitioner next asserts that the original tax assessments were void because the respondent failed to provide supporting reasons and authority for its assessments in its decision and order of determination of taxes due in accordance with MCL 208.87; MSA 7.558(87).[8] However, petitioner has not cited, and our research has not revealed, any authority for the proposition that the failure of the respondent, when issuing its decisions after the informal hearings held on assessments, to provide reasons and authority for its decisions renders the assessments void or mandates reversal of the decision of the Tax Tribunal.

In this case, after the informal hearing and the decision by the respondent upholding the assessments, petitioner appealed to the Tax Tribunal. The proceeding before the tribunal was "original and independent and shall be considered de novo." MCL 205.735(1); MSA 7.650(35)(1). The tribunal conducted a lengthy hearing and issued a thorough opinion. Accordingly, any irregularity in the original decision by the respondent does not require us to reverse the decision of the tribunal.

[8] The administration, collection, and enforcement provisions of the Single Business Tax Act, including § 87, have been repealed and replaced by the provisions in MCL 205.1-205.30; MSA 7.657(1)-7.657(30). See MCL 208.80; MSA 7.558(87).

VI

BURDEN OF PROOF

Petitioner also argues that the tribunal erred in not ruling that respondent had the burden of proof. As petitioner notes, the burden is always on the state to establish the necessary facts to sustain a claim for taxes. *Auer v Dep't of Treasury,* 137 Mich App 353, 358; 357 NW2d 696 (1984), citing *Consumers Power Co v Corporation & Securities Comm,* 326 Mich 643; 40 NW2d 756 (1950). Although the tribunal did not explicitly state that the burden of establishing the jurisdiction to tax was on respondent, it appears from the record that this was understood by the parties and the tribunal, and that respondent presented the necessary facts to establish jurisdiction. There is no indication that the burden was improperly allocated, or that the tribunal assigned any burden to petitioner with regard to the respondent's responsibility to establish jurisdiction to tax. Therefore, there was no error in the apparent failure to explicitly state the burden of proof. See *Zenith Industrial Corp v Dep't of Treasury,* 130 Mich App 464, 468-469; 343 NW2d 495 (1983).

VII

DISCOVERY

Lastly, petitioner argues that the tribunal erroneously denied its discovery motions. Discovery procedures do not apply in nonproperty tax appeals unless ordered by the tribunal. *Lawrence v Dep't of Treasury,* 128 Mich App 741, 744; 341 NW2d 200 (1983). The tribunal in this case apparently ordered discovery, but denied petitioner's discovery-related motions. Extensive discovery was

conducted in this case. Respondent answered two sets of interrogatories submitted by petitioner. Accordingly, we conclude that the tribunal did not abuse its discretion in denying petitioner's motions.

Affirmed.