## SPEAKER-HINES & THOMAS, INC v DEPARTMENT OF TREASURY

Docket No. 145995. Submitted July 7, 1994, at Detroit. Decided September 20, 1994, at 9:30 A.M.

Speaker-Hines & Thomas, Inc., was assessed use taxes and interest by the Department of Treasury pursuant to the Use Tax Act, MCL 205.91 *et seq.*; MSA 7.555(1) *et seq.* Speaker-Hines, a printing and lithography company that produces periodicals for distribution by its customers, petitioned for a review of the assessment. A hearing officer found the assessment to be proper and issued a proposed judgment and order. The petitioner appealed that determination, and the Tax Tribunal entered an opinion and judgment that adopted and incorporated by reference the findings of fact and conclusions of law in the hearing officer's proposed judgment and order and affirmed it except with regard to the part of the order that relieved the petitioner of its obligation to pay interest for the period from January 1, 1987, to the date the final judgment was entered, which it vacated. The petitioner appealed, contending that the Tax Tribunal erred in determining that materials, other than paper and ink, used or consumed in preparing second-class mail periodicals were subject to the use tax.

The Court of Appeals *held:*

1. The Tax Tribunal properly found that regardless of whether the industrial processing exemption from use taxes found in MCL 205.94(g); MSA 7.555(4)(g) would otherwise apply to the petitioner's activities, the second sentence of MCL 205.94(o), now (n); MSA 7.555(4)(o), now (n), specifically applies to the petitioner's activities and indicates that property and materials that do not become a component part of a second-class mail periodical, but are used or consumed in the production of the periodical, are subject to the use tax. The Legislature intended that subsection 4(o), rather than the general industrial processing exemption in subsection 4(g), apply to the

REFERENCES

Am Jur 2d, Sales and Use Taxes §§ 137, 145; Statutes § 257.

What constitutes newspapers, magazines, periodicals, or the like, under sales or use tax law exemption. 25 ALR4th 750.

production of the publications described in subsection 4(o). Even if subsection 4(g) otherwise would have applied, subsection 4(o), as the more specific provision, controls.

2. The petitioner's due process rights were not violated as a result of the substantial delays in processing and finalizing the assessment.

Affirmed.

1. TAXATION — USE TAX — EXEMPTIONS — PRINTERS.

The Legislature, in enacting the specific subsection of the Use Tax Act regarding a tax exemption for certain printers for the industrial processing of certain publications, intended that the printers seeking an exemption rely on that specific exemption rather than the general industrial processing exemption contained in another subsection of the act; the specific subsection applies to exemptions pertinent to the production of the publications described in the specific subsection (MCL 205.94[g],[o], now [n]; MSA 7.555[4][g],[o], now [n]).

2. STATUTES — CONSTRUCTION — GENERAL AND SPECIFIC PROVISIONS.

Where there is in the same statute a specific provision and a general one that in its most comprehensive sense would include matters embraced in the former, the particular provision must control and the general provision must be taken to affect only those cases within its general language that are not within the provisions of the particular provision.

*Miller, Canfield, Paddock & Stone* (by *Samuel J. McKim, III, Joanne B. Faycurry,* and *Gregory A. Nowak*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins* and *Ross H. Bishop,* Assistant Attorneys General, for the respondent.

Before: GRIBBS, P.J., and REILLY and T. L. BROWN,* JJ.

PER CURIAM. Petitioner appeals as of right a judgment of the Tax Tribunal affirming in part and vacating in part an assessment against peti-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

tioner in the amount of $16,399.39, plus interest, pursuant to the Use Tax Act, MCL 205.91 *et seq.*; MSA 7.555(1) *et seq.* Petitioner contends that the tribunal made an error of law when it determined that materials, other than paper and ink, used or consumed in preparing second-class mail periodicals were subject to the use tax. We disagree and affirm.

Petitioner is a printing and lithography company that produces periodicals for distribution by its customers, including the State of Michigan, the Automobile Association of America, and several colleges and universities. Petitioner was assessed use taxes for the forty-three-month period from June 1, 1976, through December 31, 1979. The Tax Tribunal's opinion and judgment, entered on October 9, 1991, adopted and incorporated by reference the findings of fact and conclusions of law in a proposed judgment issued by a tribunal hearing officer, but vacated the order contained in the proposed judgment that relieved petitioner from its obligation to pay interest for the period from January 1, 1987, to the date the final judgment was entered.

Section 3 of the act imposes a tax for the "privilege of using, storing, or consuming tangible personal property in this state." MCL 205.93; MSA 7.555(3). Section 4, MCL 205.94; MSA 7.555(4), contains a lengthy list of exemptions, two of which are relevant to this appeal. In June 1976, the beginning of the period for which petitioner was assessed, § 4 provided that the tax levied in § 3 did not apply to the following:

(g) Property sold to persons for use or consumption in industrial processing. . . .

\* \* \*

(o) Newspapers and periodicals, as admitted un-

der present federal postal laws and regulations as second class mail matter or as controlled circulation publications or qualified to accept legal notices for publication in this state, as defined by law, or any other newspaper or periodical of general circulation, established at least 2 years, and published at least once a week, and copyrighted motion picture films. All tangible personal property used or consumed and not becoming a component part of newspapers and periodicals and copyrighted motion picture films is subject to tax.[1]

Petitioner contends that the industrial processing exemption in subsection 4(g) should not be disallowed because of the second sentence in subsection 4(o).

Respondent contends, and the tribunal agreed, that regardless of whether the industrial processing exemption would otherwise apply, the second sentence of subsection 4(o) specifically applies to petitioner's situation and indicates that property and materials that do not become a component part of a second-class mail periodical, but are used or consumed in the production of the periodical, are subject to the use tax.

Our review of Tax Tribunal decisions, in the absence of fraud, is limited to whether the tribunal made an error of law or adopted a wrong legal principle. The factual findings of the tribunal are accepted as final if they are supported by competent, material, and substantial evidence on the whole record. *Gillette Co v Dep't of Treasury*, 198 Mich App 303, 306; 497 NW2d 595 (1993). Having reviewed the extensive arguments of petitioner in support of its view, we nevertheless conclude that

---

[1] Nonsubstantive changes in the language of subsection 4(o) quoted above were made during the period for which petitioner was assessed. See 1976 PA 72, 1978 PA 262, which redesignated subsection 4(o) to 4(n), and 1978 PA 457. To prevent confusion, we hereinafter refer to the provision as subsection 4(o).

the tribunal's interpretation of the statute is correct.

A review of previous versions of subsection 4(o) indicates that the Legislature intended that subsection 4(o), rather than the industrial processing exemption in subsection 4(g), apply to the production of the publications described in subsection 4(o). The predecessor to subsection 4(o) was enacted in 1950,[2] after the predecessor to subsection 4(g), the industrial processing exemption, was in place. See 1948 CL 205.94(g). 1952 PA 164 added a second sentence to subsection 4(o):

> All materials used or consumed in the industrial processing of newspapers and periodicals which are exempt under this section, purchased by a printer, advertising agency, manufacturer or merchant, shall be exempt from payment of the tax, effective May 8, 1950, the date when this subsection was added.

Thus, at that point in time, it was clear that the Legislature intended that printers, among others, who sought an exemption for the industrial processing of the described publications would depend on subsection 4(o), rather than subsection 4(g).

In 1970 PA 15, the Legislature amended the second sentence of subsection 4(o), which had been unchanged since the passage of 1952 PA 164. The sentence added in 1952, quoted above, was replaced by the following, which is virtually identical to the version in effect at the beginning of the period for which petitioner was assessed:

> All tangible personal property used or consumed

---

[2] 1950 (Ex Sess) PA 7 added a subsection (o) to read: "Newspapers and periodicals, as admitted under present federal postal laws and regulations as second class mail matter, and copyrighted motion picture films."

and not becoming a component part of newspapers and periodicals and copyrighted motion picture films is subject to tax.

If the 1970 amendment merely had deleted the second sentence of the subsection, one could argue that the Legislature determined that the provision was unnecessary because of the generally applicable industrial processing exemption in subsection 4(g). However, the provision chosen to replace the second sentence indicates that the Legislature intended to sharply limit the exemption that previously existed.

Even if the industrial processing exemption would otherwise have applied, subsection 4(o), as the more specific provision, would control. *Evanston YMCA Camp v State Tax Comm,* 369 Mich 1, 8; 118 NW2d 818 (1962). We recognize that the tribunal and the parties seem to agree that, but for the application of subsection 4(o), petitioner's use and consumption of materials would otherwise have been exempt under subsection 4(g). Nevertheless, in enacting the various versions of subsection 4(o), the Legislature supplied a more specific provision applicable to petitioner's activities.

> "Where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provisions." *Evanston, supra,* p 8, quoting 50 Am Jur, Statutes, § 367, p 371.

Therefore, even if the industrial processing exemption would otherwise have applied, subsection 4(o), as the more specific provision, would control.

Petitioner next contends that its due process rights were violated because the revenue commissioner failed to provide the reasons and determination for issuing a tax assessment as required under MCL 205.21(2); MSA 7.657(21)(2), and the department and Tax Tribunal delayed over fifteen years in processing and finalizing the assessment.

MCL 205.21(2); MSA 7.657(21)(2) provides that a taxpayer, who has been given notice of the department's intent to assess, has a right, upon request, to an informal conference regarding liability for the assessment. Following the conference, the commissioner must issue a decision in writing setting forth the reasons and authority for the decision.[3] The tribunal held that the decision and order issued by the acting revenue commissioner, considered with the hearing referee's memorandum, "furnished Speaker with adequate information relative to the issues involved and the department's ultimate position on each," so that there was sufficient compliance with MCL 205.21(2); MSA 7.657(21)(2).

We need not determine whether the tribunal's position regarding compliance with the statutory directive was in error because, even if petitioner established a violation of the statutory requirement, we find no support for the argument that the violation constitutes a violation of due process. Petitioner has not cited, nor have we located, any authority that indicates that noncompliance with the particular statutory requirement, or failure to explain the basis of a determination generally, deprives a taxpayer of due process. Because the appellant failed to cite any authority to sustain or reject its position, we consider the issue abandoned. A party may not leave it to this Court to

---

[3] Following the amendment of MCL 205.21(2); MSA 7.657(21)(2) by 1993 PA 13, this requirement was moved to subsection 2(e).

search for authority to sustain or reject its position. *People v Fowler,* 193 Mich App 358, 361; 483 NW2d 626 (1992).

Likewise, we agree with the tribunal that petitioner's due process rights were not violated by the substantial delays in processing and finalizing the assessment. We find no authority to support petitioner's argument that it had a due process right to a speedy adjudication of the tax assessment. Unlike the cases cited by petitioner, petitioner was not deprived of liberty or property without notice and the right to be heard.[4]

Although the argument concerning the due process violation also suggests laches as a basis for the abatement of interest, this issue is not identified in petitioner's statement of the issues, as required by MCR 7.212(C)(4), and need not be addressed. *Grow v General Products, Inc,* 184 Mich App 379, 387; 457 NW2d 167 (1990). In any event, we find the argument without merit because the department was not operating under any statutory time constraints and because petitioner has failed to establish prejudice. *Amway Corp v Dep't of Treasury,* 176 Mich App 285, 294-295; 438 NW2d 904 (1989), vacated and remanded in part on other grounds 433 Mich 908 (1989).

Affirmed.

---

[4] The cases cited by petitioner are inapposite. *United States . v $8,850,* 461 US 555; 103 S Ct 2005; 76 L Ed 2d 143 (1983), concerned a claim that the government's delay in filing a civil forfeiture proceeding following the seizure of the claimant's property deprived her of the right to a hearing at a meaningful time. In *United States v Von Neumann,* 474 US 242; 106 S Ct 610; 88 L Ed 2d 587 (1986), the Court rejected the respondent's claim that a delay in responding to a remission petition filed after the respondent's car was seized by customs agents deprived the respondent of property without due process of law. The other cases cited by petitioner concerned the right to a speedy trial in criminal prosecutions.