SYNTEX LABORATORIES v DEPARTMENT OF TREASURY

Docket No. 196546. Submitted May 5, 1998, at Lansing. Decided December
    29, 1998, at 9:40 A.M. Leave to appeal sought. Leave to appeal
    sought.

    Syntex Laboratories petitioned the Michigan Tax Tribunal for cancel-
    lation of single business tax deficiency assessments by the Depart-
    ment of Treasury for the years 1982 and 1983, contending that there
    was an insufficient nexus between its business activities and the
    state of Michigan in those years to permit the imposition of the sin-
    gle business tax under the test found in PL 86-272, 15 USC 381. The
    case was held in abeyance until *Gillette Co v Dep't of Treasury,* 198
    Mich App 303 (1993), was decided. The *Gillette* Court decided that
    PL 86-272 does not apply to cases involving the single business tax
    and that the proper test is the Due Process/Commerce Clause test
    enunciated in *Quill Corp v North Dakota,* 504 US 298; 112 S Ct
    1904; 119 L Ed 2d 91 (1992). The department then notified nonfiling
    potential taxpayers that they were no longer protected by PL 86-
    272 and were subject to the department's jurisdiction pursuant to
    the *Gillette* decision. The department asked the notified taxpayers
    to pay single business taxes for the years 1989 to 1993 with interest
    but without penalty. The department did not extend this option to
    Syntex. The Tax Tribunal affirmed the deficiency assessments
    issued by the department against Syntex. Syntex appealed.

        The Court of Appeals *held*:

        1. The department's application of the Due Process/Commerce
    Clause test to Syntex for the years 1982 and 1983 did not violate
    Syntex' rights under US Const, Am XIV and Const 1963, art 1, § 2 to
    equal protection and under Const 1963, art 9, § 2 to equal taxation.
    The difference in the department's treatment of Syntex and the
    nonfiling taxpayers did not give to rise an equal protection viola-
    tion because Syntex and the other taxpayers were not situated sim-
    ilarly. There is no discernible difference between the equal protec-
    tion guarantee and the Uniform Taxation Clause, which requires
    uniformity in the general ad valorem taxation of real and personal
    property and requires all other taxes to be uniform upon the class
    or classes on which they operate.

2. The department's application of the Due Process/Commerce Clause test to Syntex for the years 1982 and 1983 did not violate Syntex' rights under US Const, Am XIV and Const 1963, art 1, § 17 to due process. The test to deter mine whether laws comport with due process is essentially the same as that for equal protection: they must be sustained if rationally related to a legitimate government purpose. There is a rational basis for the department's decision regarding enforcement of the Due Process/Commerce Clause test. Retroactive application of the *Gillette* decision to Syntex did not give rise to a due process problem because it was not unexpected and indefensible. In any event, Syntex did not have a vested right in the continuation of any tax law.

3. The Tax Tribunal erred harmlessly in denying Syntex' motion to amend its petition. The issues that Syntex sought to raise in the proposed amendment were legal, not factual, and were briefed and presented to the Tax Tribunal.

4. By not raising it in the Tax Tribunal and not briefing it in the Court of Appeals, Syntex failed to preserve for appeal its claim that it should not be liable for penalties even if it is liable for the deficiencies and interest.

Affirmed.

1. CONSTITUTIONAL LAW — EQUAL PROTECTION.

The constitutional guarantees of equal protection require that persons in similar circumstances be treated alike; they do not require that persons in different circumstances be treated the same (US Const, Am XIV; Const 1963, art 1, § 2).

2. CONSTITUTIONAL LAW — UNIFORM TAXATION.

There is no discernible difference between the equal protection guarantee and the Uniform Taxation Clause, which requires uniformity in the general ad valorem taxation of real and personal property and requires all other taxes to be uniform upon the class or classes on which they operate (US Const, Am XIV; Const 1963, art 1, § 2, art 9, § 3).

3. CONSTITUTIONAL LAW — DUE PROCESS.

The test to determine whether laws comport with due process is essentially the same as that for equal protection: they must be sustained if rationally related to a legitimate government purpose (US Const, Am XIV; Const 1963, art 1, § 17).

4. CONSTITUTIONAL LAW — DUE PROCESS — JUDICIAL DECISIONS — RETROACTIVE APPLICATION.

Retroactive application of a judicial decision can be problematic in terms of due process if it is unexpected and indefensible in light of

the law existing at the time of the conduct (US Const, Am XIV; Const 1963, art 1, § 17).

*Miller, Canfield, Paddock, and Stone, P.L.C.* (by *Samuel J. McKim, III,* and *Joanne B. Faycurry*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Terry P. Gomoll,* Assistant Attorney General, for the respondent.

Before: WHITE, P.J., and SAAD and MARKEY, JJ.

SAAD, J. Petitioner appeals as of right from an opinion and judgment of the Michigan Tax Tribunal affirming deficiency tax assessments against petitioner for the years 1982 and 1983 under the Single Business Tax Act, MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.* We affirm.

Before 1993, respondent utilized PL 86-272, codified at 15 USC 381, to determine whether there was a sufficient nexus between a business' activities and the state of Michigan to permit the assessment of the single business tax. Petitioner contended that its activities for the years 1982 and 1983 were insufficient to permit taxation under PL 86-272 and sought cancellation of the deficiency assessment. The case was held in abeyance until this Court issued its ruling in *Gillette Co v Dep't of Treasury,* 198 Mich App 303; 497 NW2d 595 (1993).

In *Gillette, id.* at 311, this Court held that PL 86-272 did not apply to taxes imposed under the Single Business Tax Act and the proper test is the Due Process/Commerce Clause test (DP/CC test) enunciated in *Quill Corp v North Dakota,* 504 US 298; 112 S Ct 1904; 119 L Ed 2d 91 (1992). That test did not prevent

the retroactive imposition of the single business tax against Gillette. Respondent then notified approximately two thousand nonfiling potential taxpayers that they were no longer protected by PL 86-272 and were subject to respondent's jurisdiction pursuant to the *Gillette* decision. The recipients were asked to voluntarily pay the single business tax for the years 1989[1] to 1993 with interest but without penalty. Respondent did not extend this option to petitioner.

Petitioner then sought relief from the briefing schedule issued by the Tax Tribunal, contending that while it may be subject to taxation under the DP/CC test, application of that test in this case was unconstitutional and that petitioner was entitled to the same treatment as the nonfiling potential taxpayers. The Tax Tribunal denied the motion but limited the issues to be briefed to whether the DP/CC test retroactively applied to petitioner's tax liability for the years 1982 and 1983 and whether respondent could impose liability on petitioner for those years when it had limited the nonfiling potential taxpayers' liability to the years 1989 and after. Petitioner moved to amend its petition to assert those claims and to file a supplemental brief addressing them. The Tax Tribunal denied the former motion but granted the latter. The Tax Tribunal later ruled that respondent's application of the DP/CC test in this case did not violate petitioner's equal protection rights or unlawfully discriminate and affirmed the deficiency assessments.

Petitioner first contends that respondent's application of the DP/CC test for tax years 1982 and 1983 vio-

---

[1] Respondent set 1989 as the cutoff date because of the four-year limitation period on assessment of deficiencies. MCL 205.27a(2); MSA 7.657(27a)(2).

lated its constitutional rights to equal protection and uniform taxation because it would subject it to treatment different from nonfiling potential taxpayers. We disagree.

Persons are guaranteed equal protection of the laws under the United States and Michigan Constitutions. US Const, Am XIV; Const 1963, art 1, § 2. Michigan's equal protection guarantee is construed no more broadly than the federal guarantee. *Gazette v Pontiac*, 212 Mich App 162, 173; 536 NW2d 854 (1995), remanded 453 Mich 976 (1996), on remand 221 Mich App 579; 561 NW2d 879 (1997). The equal protection guarantees require that persons in similar circumstances be treated alike. They do not require that persons in different circumstances be treated the same. *Hauser v Reilly*, 212 Mich App 184, 189; 536 NW2d 865 (1995). As a practical matter, there is no discernible difference between the equal protection guarantee and the Uniform Taxation Clause, Const 1963, art 9, § 3, which requires uniformity in the general ad valorem taxation of real and personal property and requires all other taxes to be uniform upon the class or classes on which they operate. *Ann Arbor v Nat'l Center for Mfg Sciences, Inc*, 204 Mich App 303, 305-306; 514 NW2d 224 (1994). Both require that some rational basis for a disputed classification must be shown to exist. *Armco Steel Corp v Dep't of Treasury*, 419 Mich 582, 592; 358 NW2d 839 (1984); *In re Pensions of 19th Dist Judges Under Dearborn Employees Retirement System*, 213 Mich App 701, 705; 540 NW2d 784 (1995). A rational basis shall be found to exist if any set of facts reasonably can be conceived to justify the alleged discrimination. A discriminatory classification that has a rational basis is

not invalid simply because it is not mathematically precise in its discrimination or because it results in some inequity. *St Louis v Michigan Underground Storage Tank Financial Assurance Policy Bd*, 215 Mich App 69, 73; 544 NW2d 705 (1996).

We find that petitioner was not situated similarly to the nonfiling potential taxpayers. Those taxpayers did not have pending matters before respondent, had not been audited, and did not have notice that they would be liable for this state's single business tax for years before 1989 until this Court issued its ruling in *Gillette*. Petitioner, on the other hand, had a pending matter before respondent, knew that the *Gillette* decision could affect that matter, and had prior notice that it would be liable for the single business tax for years before 1989. This case is therefore distinguishable from those cases cited by petitioner, principally *Armco, supra, Titus v State Tax Comm*, 374 Mich 476; 132 NW2d 647 (1965), and *MCI Telecommunications Corp v Dep't of Treasury*, 136 Mich App 28; 355 NW2d 627 (1984), addressing a claim of unconstitutional administrative discrimination, in which the different groups of taxpayers were similarly situated. We further find that considerations of due process, availability of records, the nonfiling potential taxpayers' reliance on respondent's bulletins, and respondent's limited resources provided a rational basis for respondent's enforcement decision. Therefore, that decision did not violate petitioner's equal protection rights.

Petitioner next asserts that respondent's application of the DP/CC test for tax years 1982 and 1983 violated petitioner's constitutional rights to due process. We disagree.

Persons are guaranteed not to be deprived of life, liberty, or property without due process of law under the United States and Michigan Constitutions. US Const, Am XIV; Const 1963, art 1, § 17. Michigan's due process guarantee is construed no more broadly than the federal guarantee. *Gazette, supra.* The test to determine whether laws comport with due process is essentially the same as that for equal protection: they must be sustained if rationally related to a legitimate government purpose. *Haberkorn v Chrysler Corp,* 210 Mich App 354, 381; 533 NW2d 373 (1995). As noted, we find that there was a rational basis for respondent's decision regarding enforcement of the DP/CC test announced in *Gillette.* Therefore, that enforcement decision did not violate petitioner's due process rights.

The general rule is that judicial decisions are to be given complete retroactive effect. Complete prospective application is generally limited to decisions that overrule clear and uncontradicted case law. *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223, 240; 393 NW2d 847 (1986). Retroactive application of a judicial decision will only violate due process when it acts as an ex post facto law. *People v Doyle,* 451 Mich 93, 100; 545 NW2d 627 (1996). However, the ex post facto rule applies only to criminal cases, not to civil cases. *Ludka v Dep't of Treasury,* 155 Mich App 250, 260; 399 NW2d 490 (1986). Nevertheless, retroactive application of a judicial decision can be "problematic" to due process requirements if it is unexpected and indefensible in light of the law existing at the time of the conduct. *Doyle, supra* at 104. Due process principles prevent retrospective laws from divesting rights to property or vested rights or from impairing con-

tracts. *Detroit v Walker*, 445 Mich 682, 698; 520 NW2d 135 (1994). While petitioner may not have expected this Court to reject the PL 86-272 test, the Court's decision is not unexpected and indefensible because the appellate courts of this state had never resolved whether the PL 86-272 test was appropriate for determining single business tax liability, *Gillette, supra* at 307, n 1, and petitioner knew that the *Gillette* decision could affect its pending matter. In any event, petitioner did not have a vested right in the continuation of any tax law. *Walker, supra* at 703; *Ludka, supra*. Therefore, proper application of the law cannot be considered a due process violation in this case.

We also reject petitioner's characterization of respondent's conduct with respect to the nonfiling potential taxpayers as an unlawful granting of administrative amnesty. Respondent did not forgive liability for unpaid taxes for years before 1989, but rather made a decision regarding how to allocate its resources to achieve maximal compliance.

Petitioner next asserts that the Tax Tribunal abused its discretion in denying petitioner's motion to amend its petition. While we agree that the motion should have been granted under the standard enunciated in *Ben P Fyke & Sons v Gunter Co*, 390 Mich 649, 659; 213 NW2d 134 (1973), we find that the error was harmless because the issues petitioner sought to raise in the proposed amendment were legal, not factual, and petitioner briefed and presented the Tax Tribunal these issues.

Petitioner finally argues that even if it is liable for the tax deficiencies and interest, it should not be liable for penalties. This issue has not been preserved

for appeal because petitioner did not raise it below and has neglected to brief it. *Alford v Pollution Control Industries of America*, 222 Mich App 693, 699; 565 NW2d 9 (1997); *Meagher v Wayne State Univ*, 222 Mich App 700, 718; 565 NW2d 401 (1997). Therefore we decline to consider it.

Affirmed.