908 A.2d 176

LANCO, INC., A DELAWARE CORPORATION, PLAINTIFF–APPELLANT, v. DIRECTOR, DIVISION OF TAXATION, DEFENDANT–RESPONDENT.

Argued September 12, 2006—Decided October 12, 2006.

*Paul H. Frankel,* argued the cause for appellant (*McCarter & English,* attorneys; *Mr. Frankel,* and *Michael A. Guariglia,* of counsel and on the brief).

*Patrick DeAlmeida,* Assistant Attorney General, argued the cause for respondent (*Anne Milgram,* Acting Attorney General).

*Francis X. Manning,* submitted a brief on behalf of *amicus curiae* The Investment Company Institute (*Stradley Ronon Stevens & Young,* attorneys).

*Sheldon H. Laskin,* submitted a letter in lieu of brief on behalf of *amicus curiae* Multistate Tax Commission.

PER CURIAM.

█ This appeal involves the issue of whether New Jersey may constitutionally subject a foreign corporation to the Corporation Business Tax, *N.J.S.A.* 54:10A–1 to –41, when the corporation lacks physical presence in New Jersey but derives income through a licensing agreement with a company conducting retail operations in New Jersey. The Appellate Division answered that question affirmatively. *Lanco, Inc. v. Director, Div. of Taxation,* 379 *N.J.Super.* 562, 573, 879 *A.2d* 1234 (2005). We agree and affirm substantially for the reasons expressed in Judge Stern's thorough and thoughtful opinion. We write only to add the following brief comments.

In *Quill Corp. v. North Dakota,* 504 *U.S.* 298, 112 *S.Ct.* 1904, 119 *L.Ed.2d* 91 (1992), the United States Supreme Court affirmed the four-part standard it created in *Complete Auto Transit, Inc. v. Brady,* 430 *U.S.* 274, 97 *S.Ct.* 1076, 51 *L.Ed.2d* 326 (1977), for cases involving Commerce Clause challenges to state taxation. In that case, the Court determined that, in the context of sales and use taxes, an entity must be physically present in the taxing jurisdiction to establish the constitutionally required "substantial nexus." *Quill, supra,* 504 *U.S.* at 311–17, 112 *S.Ct.* at 1914–16, 119 *L.Ed.2d* at 105–10. Since the Court decided *Quill,* a split of authority has developed regarding whether the Supreme Court's holding was limited to sales and use taxes. *See, e.g., A & F Trademark, Inc. v. Tolson,* 167 *N.C.App.* 150, 605 *S.E.2d* 187, 193– 96 (2004) (holding North Carolina can impose corporate franchise and income taxes on companies not physically present in North Carolina), *certif. denied,* 359 *N.C.* 320, 611 *S.E.2d* 168, *cert. denied,* —— *U.S.* ——, 126 *S.Ct.* 353, 163 *L.Ed.2d* 62 (2005); *J.C. Penney Nat'l Bank v. Johnson,* 19 *S.W.3d* 831, 838–39 (Tenn.Ct. App.1999) (holding Tennessee cannot impose franchise and excise

tax on company not physically present in Tennessee), *cert. denied,* 531 *U.S.* 927, 121 *S.Ct.* 305, 148 *L.Ed.*2d 245 (2000).

We believe that the better interpretation of *Quill* is the one adopted by those states that limit the Supreme Court's holding to sales and use taxes. That interpretation reflects the language of *Quill.* In *Quill,* the Court did not attempt to equate the substantial-nexus requirement with a universal physical-presence requirement. *See id.* at 314, 112 *S.Ct.* at 1914, 119 *L.Ed.*2d at 108 ("[W]e have not, in our review of other types of taxes, articulated the same physical-presence requirement that [*Nat.*] *Bellas Hess*[*, Inc. v. Dept. of Revenue, State of Ill.,* 386 *U.S.* 753, 87 *S.Ct.* 1389, 18 *L.Ed.*2d 505 (1967)] established for sales and use taxes. . . ."). Rather, the Court carefully limited its language to a discussion of sales and use taxes. *See, e.g., id.* at 316, 112 *S.Ct.* at 1915, 119 *L.Ed.*2d at 109 (acknowledging benefits of imposing bright-line rule "in the area of sales and use taxes"). Simply put, we do not believe that the Supreme Court intended to create a universal physical-presence requirement for state taxation under the Commerce Clause. We therefore affirm the Appellate Division's determination that the Director constitutionally may apply the Corporation Business Tax notwithstanding a taxpayer's lack of a physical presence in New Jersey, and we further affirm the Appellate Division's remand of this matter to the Tax Court for additional proceedings.

*For affirmance*—Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA–SOTO—6.

Opposed—None.