DeALMEIDA, P.J.T.C.
This case presents the question of whether a Delaware corporation with offices in Maryland is subject to the New Jersey Corporation Business Tax Act (“CBT Act”), N.J.S.A 54:10A-1, et ■seq., by virtue of the fact that a New Jersey resident employed by the company “telecommutes” by receiving and performing her work assignments each business day at her New Jersey home via computer and telephone. For the reasons stated more fully *340 below, the court concludes that a foreign corporation that regularly and consistently permits its employee to work each business day at a New Jersey residence is doing business in this State and must file Corporation Business Tax returns. The court also concludes that the United States Constitution is not offended by application of New Jersey’s corporate tax statutes on the basis of the facts presented in this case.
I. Findings of Fact
The facts are not in dispute. Plaintiff Telebright Corporation, Inc. (“Telebright”) is a Delaware corporation with its principal place of business in Rockville, Maryland. The company, which develops software, does not maintain an office in New Jersey, maintains no financial accounts in this State, and does not solicit sales here.
In 2001, Telebright hired Srisathya Thirumalai to develop and write software code. At that time, Ms. Thirumalai was a resident of Silver Springs, Maryland. Ms. Thirumalai moved to New Jersey in 2004 when her spouse relocated to the State. Telebright agreed to retain Ms. Thirumalai as an employee and allow her to work each business day at her New Jersey residence. At that time, Telebright provided Ms. Thirumalai with a laptop computer to receive and complete her work assignments. Ms. Thirumalai subsequently replaced that laptop computer with a newer one which she purchased with her own funds.
A typical workday for Ms. Thirumalai begins at 9:00 a.m. when she uses her laptop computer at her New Jersey home to check email from her project manager, an independent contractor in Boston retained by Telebright. Her e-mail activity notifies the project manager that Ms. Thirumalai has begun work for the day. Ms. Thirumalai receives daily work assignments from her project manager either by e-mail or telephone, and performs those assignments, mostly by writing software code, on her computer at home. When her assignments are complete, she uses her laptop computer to upload the finished project to a server maintained by Telebright. Her completed code becomes part of the web application provided by Telebright to its customers. Ms. Thirumalai is *341 available to her employer and supervisor by telephone and e-mail during the workday, which concludes at approximately 4:00 p.m. or 5:00 p.m. She works for Telebright from her home in this fashion five days a week. Ms. Thirumalai is not paid by the hour and is expected to work forty hours a week. She completes timesheets using her laptop computer and a web based program to which Telebright has access.
Ms. Thirumalai does not solicit customers and has no responsibility for sales of Telebright’s services. All of her fellow Telebright employees work in Maryland. Ms. Thirumalai is not reimbursed for any household bills associated with her work. She travels approximately twice a year to companywide meetings in Maryland, where the company maintains an office for Ms. Thirumalai. She is not reimbursed for the expenses associated with her occasional travel to Maryland. Telebright withholds New Jersey Gross Income Tax from Ms. Thirumalai’s paycheck and remits the withholdings to the Director, Division of Taxation. The company, however, has never filed a New Jersey Corporation Business Tax return.
II. Procedural History
On February 10, 2006, a representative of the Division of Taxation sent Telebright a nexus survey posing several questions regarding the company’s contacts with New Jersey.
In its October 4, 2006, response Telebright answered in the affirmative two questions: (1) whether Telebright has “employees, independent contractors, and/or other representatives with in-home offices in New Jersey for which they are re-imbursed (sic) for expenses other than telephone or travel?”; and (2) whether the company “[c]ollect[ed] and/or remitted] New Jersey Gross Income Tax Withholding from employees at any time?” In the explanation section of the survey, the company stated “the corporation has an employee that is a resident of NJ and the corporation pays her for her services related to software development. The corporation withholds NJ income taxes on her behalf.”
On October 24, 2006, in response to Telebright’s nexus survey, a representative of the Division sent plaintiff a formal notice of its *342 obligation to file New Jersey Corporation Business Tax returns for the period commencing January 1, 2004. The notice was based on a finding that Telebright maintains an office in the State. The formal notice informed Telebright of its right to an administrative conference regarding the finding that it is subject to the tax.
On October 30, 2006, Telebright requested an administrative hearing at the Division. No one, however, appeared on behalf of Telebright at the date and time set for the hearing.
On July 18, 2008, the Director, Division of Taxation issued a final determination that Telebright is subject to the CBT Act commencing February 2, 2004. The Director apparently abandoned the conclusion that Telebright maintains an office in this State and determined instead that Telebright is subject to the CBT Act because it is “doing business” in New Jersey by employing Ms. Thirumalai to work for the company at her New Jersey home.
On September 10, 2008, Telebright filed a Complaint challenging the Director’s final determination. Telebright contends that it is not “doing business” in this State within the meaning of the CBT Act. In addition, plaintiff argues that application of the CBT Act to the company’s activities in New Jersey would violate the Due Process and Commerce Clauses of the United States Constitution.
The parties subsequently cross-moved for summary judgment. The court heard argument from counsel on February 18, 2010.
III. Conclusions of Law
“Summary judgment should be granted where ‘the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.’ ” R. 4:46-2(c). In Brill v. Guardian Life Ins. Co. of Amer., 142 N.J. 520, 523, 666 A.2d 146 (1995), our Supreme Court established the standard for summary judgment as follows:
[W]hen deriding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact *343 challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
In addition, the court’s analysis is influenced by the familiar principle that the Director’s interpretation of tax statutes is entitled to a presumption of validity. “Courts have recognized the Director’s expertise in the highly specialized and technical area of taxation.” Aetna Burglar & Fire Alarm Co. v. Director, Div. of Taxation, 16 N.J.Tax 584, 589 (Tax 1997)(citing Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984)). The scope of judicial review of the Director’s decision with respect to the imposition of a tax “is limited.” Quest Diagnostics, Inc. v. Director, Div. of Taxation, 387 N.J.Super. 104, 109, 903 A.2d 442 (App.Div.), certif. denied, 188 N.J. 577, 911 A.2d 69 (2006). The Supreme Court has directed the courts to accord “great respect” to the Director’s application of tax statutes, “so long as it is not plainly unreasonable.” Metromedia, supra,, 97 N.J. at 327, 478 A.2d 742. See also CIS Solid State, Inc. v. Director, Div. of Taxation, 132 N.J. 298, 306, 625 A.2d 468 (1993)(“Generally, courts accord substantial deference to the interpretation an agency gives to a statute that the agency is charged with enforcing.”) (citation omitted).
“When an administrative agency interprets and applies a statute it is charged with administering in a manner that is reasonable, not arbitrary or capricious, and not contrary to the evident purpose of the statute, that interpretation should be upheld, irrespective of how the forum court would interpret the same statute in the absence of regulatory history.” Blecker v. State, 323 N.J.Super. 434, 442, 733 A.2d 540 (App.Div.1999). “[C]ourts are not free to substitute their judgment as to the wisdom of a particular administrative action for that of the agency so long as that action is statutorily authorized and not otherwise defective because arbitrary or unreasonable.” Sutton Warehousing, Inc. v. Director, Div. of Taxation, 290 N.J.Super. 686, 697, 676 A.2d 615 (App.Div.l996)(quotations omitted). “However, despite that deference, an administrative agency’s interpretation will *344 not be followed when the agency extends a statute ‘to give it a greater effect than its language permits.’ ” Oberhand v. Director, Div. of Taxation, 193 N.J. 558, 568, 940 A.2d 1202 (2008)(quoting GE Solid State, supra, 132 N.J. at 306, 625 A.2d 468).
The CBT Act requires every corporation which does business or employs property in New Jersey to pay an annual tax. N.J.S.A. 54:10A-2 defines which business entities are subject to the tax. The statute provides:
Every domestic or foreign corporation which is not hereinafter exempted shall pay an annual franchise tax for each tax year, as hereinafter provided ... for the privilege of doing business, [or] employing or owning capital or property ... in this State.
[.N.J.S.A. 54:10A-2.]
Telebright does not contend that it falls into any of the statutory exemptions. N.J.AC. 18:7-1.6(a) mirrors the provisions of the statute:
Every corporation not expressly exempted is deemed to be subject to tax under the Act and is required to file a return and pay a tax thereunder provided it falls within any one of the following:
2. If a foreign corporation:
iii. Doing business in this State; or
v. Employing or owning property in this State[J
“Doing business” under the CBT Act is intended to be interpreted expansively. As the Supreme Court explained over forty years ago, the “basis of the tax is a broad one and ... [i]t was certainly intended to reach foreign corporations ... as far as could constitutionally be done, and its disjunctive recital of the various privileges must be considered with the intended overall coverage in mind.” Roadway Express, Inc. v. Director, Div. of Taxation, 50 N.J. 471, 483, 236 A.2d 577 (1967), app. dis., 390 U.S. 745, 88 S.Ct. 1443, 20 L.Ed.2d 276 (1968); see also N.J.A.C. 18:7- *345 1.6(b)(“A taxpayer’s exercise of its franchise in this State is subject to taxation in this State if the taxpayer’s business activity in this State is sufficient to give this State jurisdiction to impose the tax under the Constitution and statutes of the United States.”).
The Director’s regulations reflect this view of the statute:
The term “doing business” is used in a comprehensive sense and includes all activities which occupy the time or labor of men for profit. [N.J.A.C. 18:7 — 1.9(a).]
The rule continues:
Whether a foreign corporation is doing business in New Jersey is determined by the facts in each case. Consideration is given to such factors as:
1. The nature and extent of the activities of the corporation in New Jersey;
2. The location of its offices and other places of business;
3. The continuity, frequency and regularity of the activities of the corporation in
New Jersey;
4. The employment in New Jersey of agents, officers and employees;
5. The location of the actual seat of management or control of the corporation.
[N.J.A.C. 18:7 — 1.9(b).]
“There is no one, single controlling factor nor is there a bright line standard that determines whether a foreign corporation’s in-state activities meet the Director’s regulatory requirements for doing business. Rather, it is only by close scrutiny of all the facts of the case, taken as a whole, that a final determination can be made.” Thomson-Leeds Co. v. Director, Div. of Taxation, 8 N.J.Tax 24, 32 (Tax 1985)(citing Ringgold Coal Mining Co. v. Director, Div. of Taxation, 4 N.J.Tax 321, 332 (Tax 1982)). “[I]t is not only a quantitative but also a qualitative examination of the nature and extent of plaintiffs business activities that determines if the definitional factors of ‘doing business’ have been met.” Thomson-Leeds Co., supra, 8 N.J.Tax at 34.
The court concludes that Telebright has been “doing business” in New Jersey within the meaning of the CBT Act since 2004. It cannot be disputed that plaintiff satisfies factor 4 of N.J.A.C. 18:7-1.9(b) by employing Ms. Thirumalai in New Jersey. Since 2004, she has continually received daily work assignments from plaintiff at her New Jersey home. She has performed those assignments in New Jersey, communicated with her employer and supervisor *346 via computer and telephone from New Jersey, and made her work product available to her employer, supervisor and Telebright customers from her computer in New Jersey. Although Telebright maintained an office for Ms. Thirumalai in Maryland, she traveled to that State for business purposes only approximately twice a year. On all other work days, Ms. Thirumalai performed her duties in this State.
Factors 1 and 3 of N.J.A.C. 18:7-1.9(b) are satisfied by the nature, continuity, and regularity of Telebright’s contact with New Jersey. Telebright agreed to permit Ms. Thirumalai regularly to perform her duties at her New Jersey home. She does not report to work at any other location, apart from her approximately twice yearly trips to Maryland for companywide meetings. New Jersey is Ms. Thirumalai’s assigned work station. She is supervised by Telebright at her New Jersey home. The company withheld New Jersey gross income tax from Ms. Thirumalai’s paycheck for regular remittance to the Director. This consistent contact with New Jersey was not sporadic, occasional, or intermittent. While it is true that Telebright has never maintained an office in New Jersey, nor solicited business here, its daily contact with the State through its employee is sufficient to trigger application of the CBT Act.
This conclusion comports with the common sense understanding of the phrase “doing business.” Statutory construction begins with consideration of the statute’s plain meaning. Merin v. Maglaki 126 N.J. 430, 434, 599 A.2d 1256 (1992). “A statute should be interpreted in accordance with its plain meaning if it is ‘clear and unambiguous on its face and admits of only one interpretation.’” Board of Educ. v. Neptune Township Educ. Ass’n, 144 N.J. 16, 25, 675 A.2d 611 (1996)(quoting State v. Butler, 89 N.J. 220, 226, 445 A.2d 399 (1982)); Cumberland Holding Corp. v. City of Vineland, 11 N.J.Tax 457, 462 (Tax 1991). See also N.J.S.A. 1:1-1 (“words and phrases shall be read and construed with their context, and ... be given their generally accepted meaning, according to the approved usage of the language.”). “[T]he best approach to the meaning of a tax statute is to give to the words used by the Legislature their generally accepted mean *347 ing, unless another or different meaning is expressly indicated.” Public Sens. Elec. & Gas Co. v. Township of Woodbridge, 73 N.J. 474, 478, 375 A.2d 1165 (1977)(quotations omitted); Global Terminal v. Div. of Taxation, 9 N.J.Tax 152, 162 (Tax 1987).
It is commonly understood that a corporation is “doing business” at the place where its employees are expected to report for work, where they are regularly receiving and carrying out their assignments, where those employees are supervised, where they begin and end their work day, and where they deliver to their employer and customers a finished work product. In this case, all of these functions are performed by Ms. Thirumalai in New Jersey.
Plaintiffs claim that the CBT Act cannot apply to a corporation merely because one of its employees decides to move to New Jersey mischaracterizes the basis for application of the Act in this case. Ms. Thirumalai’s residence is not the determinative factor. It is the location at which she receives her assignments, performs her responsibilities and delivers her work product for Telebright that controls application of the CBT Act. Where Ms. Thirumalai lives is immaterial to the analysis. From a substantive perspective, it is not relevant that she works in the same building in which she resides.
The mere fact that Ms. Thirumalai is the only Telebright employee in this State does not change the court’s conclusion. As noted above, the Legislature intended for the CBT Act to apply broadly to all circumstances permitted by the federal and State Constitutions. Our courts have not hesitated to apply the tax where a business entity’s contact with the State has been consistent, regular and deliberate, even where the company has no employees or tangible property in the State. See e.g., Praxair Technology, Inc. v. Director, Div. of Taxation, 201 N.J. 126, 988 A.2d 92 (2009) (holding that corporation with no physical presence or employees in State was “doing business” under CBT Act due to licensing of its intangible assets for use by other business entities in the State); Lanco, Inc. v. Director, Div. of Taxation, 188 N.J. 380, 908 A.2d 176 (2006)(same), cert. denied, 551 U.S. 1131, 127 *348 S.Ct. 2974, 168 L.Ed.2d 702 (2007). See also AccuZIP, Inc. v. Director, Div. of Taxation, 25 N.J.Tax 158, 177-178 (Tax 2009) (holding that corporation with no property in New Jersey subject to CBT Act because it employed “a regional sales representative in New Jersey” who sold products and held educational sessions for customers).
Moreover, at least until Ms. Thirumalai purchased her own laptop computer, Telebright was employing property in the State. The company provided a laptop to Ms. Thirumalai for the purpose of performing her work assignments. The standard definition of “employ” is “to make use of’ and “to devote to or direct towards a particular activity or person.” Websters Third New International Dictionary (1990). Telebright’s provision of a laptop computer to Ms. Thirumalai for work purposes and her use of that laptop computer at her home in New Jersey constituted plaintiffs employment of property in this State under the CBT Act, bolstering the conclusion that the corporation was doing business in this State.
Telebright’s constitutional claims are unavailing.
1. Due Process Clause.
The Due Process Clause “requires some definitive link, some minimum connection, between a state and the person, property or transaction it seeks to tax.” Miller Brothers Co. v. Maryland, 347 U.S. 340, 344-45, 74 S.Ct. 535, 539, 98 L.Ed. 744 (1954). In addition, the “income attributed to the State for tax purposes must be rationally related to ‘values connected with the taxing State.’ ” Moorman Mfg. Co. v. Bair, 437 U.S. 267, 273, 98 S.Ct. 2340, 2344, 57 L.Ed.2d 197 (1978) (citations omitted). The “minimum contacts” test set forth in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), guides the Due Process analysis in the area of State taxation. Application of a State’s tax laws to a corporate entity is permitted so long as doing so “does not offend ‘traditional notions of fair play and substantial justice.’” Id., 326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. 95(quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. *349 339, 343, 85 L.Ed. 278 (1940)). “[T]he due process nexus analysis requires that we ask whether an individual’s connections with a State are substantial enough to legitimate the State’s exercise of power over him.” Quill Corp. v. North Dakota, 504 U.S. 298, 312, 112 S.Ct. 1904, 1913, 119 L.Ed.2d 91,106 (1992). The Due Process Clause is not offended by the application of a State’s laws where the entity to which the law is applied has had “fair warning that [its] activity may subject [it] to the jurisdiction of’ the State. Shaffer v. Heitner, 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683, 706 (1977)(Stevens, J., concurring).
It is consistent with notice, fair play and substantial justice to subject Telebright to New Jersey’s CBT Act, given the corporation’s regular employment of Ms. Thirumalai in this State. Telebright acquiesced in the relocation of its employee to New Jersey and established her regular place of work in this State. The company delivers Ms. Thirumalai’s work assignments to her daily at her New Jersey home. Telebright employees or agents supervise Ms. Thirumalai in New Jersey via computer connection and telephone. The company withheld New Jersey gross income tax from Ms. Thirumalai’s paycheck. The record establishes that plaintiff had fair warning that its employment relationship with Ms. Thirumalai might subject it to the laws of this State.
2. Commerce Clause.
Nor does the Commerce Clause prohibit application of the CBT Act to plaintiff. Although the express text of Article I, Section 8 Clause 3 of the Constitution merely authorizes Congress to “regulate Commerce ... among the several States,” the Supreme Court has long recognized that the Commerce Clause also creates a “negative” or “dormant” power that prevents States from interfering with interstate commerce or discriminating against interstate trade. Oregon Waste Sys., Inc. v. Department of Envt’l Quality, 511 U.S. 93, 114 S.Ct. 1345, 128 L.Ed.2d 13 (1994). “In its negative aspect, the Commerce Clause prohibits economic protectionism — that is, regulatory measures designed to benefit instate economic interests by burdening out-of-state competitors.” Fulton Corp. v. Faulkner, 516 U.S. 325, 330, 116 S.Ct. *350 848, 853, 133 L.Ed.2d 796, 804 (1996) (citations and quotations omitted). In the area of State taxation, a tax on interstate economic activity does not violate the Commerce Clause if it “is applied to an activity with a substantial nexus with the taxing State, is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to the services provided by the State.” Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 279, 97 S.Ct. 1076, 1079, 51 L.Ed.2 A 326, 331 (1977).
A. Commerce Clause Nexus.
Commerce Clause nexus analysis is “informed not so much by concerns about fairness for the individual defendant as by structural concerns about the effects of state regulation on the national economy.” Quill, supra, 504 U.S. at 312, 112 S.Ct. at 1913, 119 L.Ed.2d at 106. While the analysis for Due Process nexus and Commerce Clause nexus are similar, it is possible that a corporation’s presence will constitute sufficient “minimum contacts” for due process purposes but insufficient nexus for Commerce Clause purposes. See, e.g., id., 504 U.S. at 313, 112 S.Ct. at 1913-14, 119 L.Ed.2d at 107; Home Impressions, Inc. v. Director, Div. of Taxation, 21 N.J.Tax 448, 456 (Tax 2004).
The physical presence of an employee in a State on a daily basis for the purpose of performing business assignments is strong evidence of a substantial nexus for Commerce Clause purposes. Telebright regularly enjoys the benefits of New Jersey’s labor market through the employment of Ms. Thirumalai. When Ms. Thirumalai moved to New Jersey she became part of the talent available to employers in this State. Telebright decided, presumably for business reasons, that Ms. Thirumalai is valuable enough as an employee to warrant granting her permission to woi'k from home despite her relocation to New Jersey. Moreover, Telebright benefits from the protection of New Jersey’s laws. A foreign corporation is free to initiate suit in New Jersey’s courts after filing a business activities report pursuant to N.J.S.A. 14A:13-15. Should Ms. Thirumalai breach her employment contract with Telebright while working in New Jersey, the company will be free to avail itself of this State’s judicial system for redress. While *351 Telebright may not yet have needed to file suit to protect its rights with respect to its employment of Ms. Thirumalai, the company has benefited from New Jersey’s maintenance of a legal system that protects its interests in this State.
The fact that Telebright has elected not to further exploit New Jersey’s markets through the solicitation of customers or the employment of additional personnel in this State is not determinative of its constitutional claims. Ms. Thirumalai’s daily presence in this State for the purpose of carrying out her responsibilities as an employee of Telebright is sufficient to satisfy the substantial nexus requirement of the Commerce Clause. Telebright chose to establish a work place for Ms. Thirumalai in this State. As our Supreme Court explained, “ ‘while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not....’” General Trading Co. v. Director, Div. of Taxation, 83 N.J. 122, 136, 416 A.2d 37 (1980)(quoting C.I.R. v. National Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 149, 94 S.Ct. 2129, 2137, 40 L.Ed.2d 717, 727 (1974)). ‘“[I]t is for the taxpayer to make its business decisions in light of tax statutes, rather than the other way around.’ ” General Trading Co., supra, 83 N.J. at 135, 416 A.2d 37 (quoting Household, Finance Corp. v. Director, Div. of Taxation, 36 N.J. 353, 362, 177 A.2d 738 (1962)). That Telebright may not have realized the State tax consequences of its business decisions regarding the employment of Ms. Thirumalai does not insulate the company from corporate tax liability.
B. Fair Apportionment.
The fair apportionment prong of the Complete Auto Transit test prohibits taxes that pass an unfair share of the tax burden onto interstate commerce. Quill, supra, 504 U.S. at 313, 112 S.Ct. at 1913, 119 L.Ed.2d at 107. The “central purpose” of the fair apportionment requirement “is to ensure that each State taxes only its fair share of an interstate transaction.” Goldberg v. Sweet, 488 U.S. 252, 260-61, 109 S.Ct. 582, 588, 102 L.Ed.2d 607, 616 (1989). In order to be fairly apportioned a tax must be both “internally consistent” and “externally consistent.” Oklahoma, *352 Tax Commission v. Jefferson Lines, Inc., 514 U.S. 175, 185, 115 S.Ct. 1331, 1338, 131 L.Ed.2d 261, 271 (1995).
“Internal consistency is preserved when the imposition of a tax identical to the one in question by eveiy other State would add no burden to interstate commerce that intrastate commerce would not also bear.” Ibid. This test “simply looks to the structure of the tax at issue to see whether its identical application by every State in the Union would place interstate commerce at a disadvantage as compared with commerce intrastate.” Ibid. “A failure of internal consistency shows as a matter of law that a State is attempting to take more than its fair share of taxes from the interstate transaction____” Ibid.
Pursuant to N.J.S.A. 54:10A-6, a corporation, such as Telebright, which maintains a regular place of business outside the State “is obligated to pay tax only on that portion of its entire net income which is allocable to this State.” Stryker Corp. v. Director, Div. of Taxation, 18 N.J.Tax 270, 272-73 (Tax 1999), aff'd, 333 N.J.Super. 413, 755 A.2d 1200 (App.Div.2000), aff'd, 168 N.J. 138, 773 A.2d 674 (2001). The amount of a corporation’s income subject to CBT Act is determined by multiplying the corporation’s entire net income by an allocation factor. N.J.S.A. 54:10A-4(b). The factor is equal to the average of four fractions: a property fraction, a payroll fraction (which is considered twice), and a receipts fraction. The fractions have as their numerators, the property, payroll and sales receipts of the taxpayer fairly attributable to New Jersey, and as their denominators the total property, payroll and sales receipts of the taxpayer. Stryker, supra, 18 N.J.Tax at 276-77. The purpose of the allocation factor is to limit application of the CBT Act to only that income that has a sufficient nexus to New Jersey to satisfy constitutional constraints on State taxation. Central National-Gottesman, Inc. v. Director, Div. of Taxation, 14 N.J.Tax 545, 552 (Tax 1995), aff'd, 291 N.J.Super. 277, 677 A.2d 265 (App.Div.), certif. denied, 146 N.J. 569, 683 A.2d 1164 (1996). In addition, N.J.S.A. 54:10A-8 allows for adjustments to the allocation factor to account for any unusual circumstances that result in an allocation of too much income to *353 New Jersey. The Director has promulgated regulations to assist in determining a taxpayer’s allocation factor and any necessary adjustments. See N.J.A.C. 18:7-7.1 through N.J.A.C. 18:7-10.1; Brunsimck Corp. v. Director, Div. of Taxation, 135 N.J. 107, 638 A.2d 805 (1994).
Because the CBT Act has safeguards to ensure that the tax is imposed only on income that is reasonably attributable to New Jersey, its application is internally consistent for Commerce Clause purposes. If every State subjected Telebright to corporate tax and all of the States used the allocation and adjustment provisions of the CBT Act, plaintiff would be required to pay tax to each State on no more than its fair share of income attributable to that State. Presumably, Telebright would allocate to New Jersey only Ms. Thirumalai’s payroll in the payroll fraction and the value of the laptop computer in the property fraction (for those periods prior to Mr. Thirumalai’s purchase of her own laptop computer). Were, theoretically, Telebright to have employees in other States who telecommuted in the fashion of Ms. Thirumalai, similar allocations would be made if laws identical to the CBT Act was applied by those States. In those circumstances, interstate commerce would not be placed at a disadvantage.
In addition, application of the CBT Act to Telebright would satisfy the Commerce Clause’s external consistency requirement. An examination of external consistency looks “to the economic justification for the State’s claim upon the value taxed, to discover whether a State’s tax reaches beyond that portion of value that is fairly attributable to economic activity within the taxing State.” Oklahoma, supra, 514 U.S. at 185, 115 S.Ct. at 1338, 131 L.Ed.2d at 272. As noted above, the CBT Act is designed to limit its reach to that portion of a corporation’s economic activity with a substantial nexus to this State. The four-factor formula and the ability of the Director to make an adjustment under N.J.S.A. 54:10A-8 are intended to result in a tax that is fairly reflective of the value of the economic activity associated with this State.
*354 C. Discrimination Against Interstate Commerce.
A State discriminates against interstate commerce “by providing a direct commercial advantage to local business” over out-of-state entities. Northwestern States Portland Cement Co. v. Minnesota, 358 U.S. 450, 458, 79 S.Ct. 357, 362, 3 L.Ed.2d 421, 427 (1959). The CBT Act does not disadvantage interstate commerce for the benefit of local economic activity. The Act applies to both foreign and domestic corporations. If all of a corporation’s economic activities and properties are attributable to New Jersey, 100% of the corporation’s income is subject to tax in this State. New Jersey Natural Gas Co. v. Director, Div. of Taxation, 24 N.J.Tax 59, 63 (Tax 2008). If less than 100% of the corporation’s economic activity and property is attributable to New Jersey, the allocation formula noted above applies to all corporations which maintain a place of business outside the State. Ibid. A New Jersey corporation that has economic activity or property outside the State but does not maintain a place of business outside the State has 100% of its income subject to the CBT Act, with credits for taxes paid to other jurisdictions. Ibid. This statutory scheme does not disadvantage interstate commerce by insulating intrastate economic activity from taxation.
D. Tax Burden Fairly Related To Services Provided.
The court cannot determine whether Telebright’s ultimate tax burden will fairly relate to the services provided to plaintiff by the State. At issue is a final determination of the Director that plaintiff is subject to the CBT Act and must file returns for the periods beginning February 2, 2004. Plaintiffs tax burden will not be calculated until it files returns, applies the four-fraction formula, and, potentially, seeks an adjustment under N.J.S.A. 54:10A-8. It is also possible that the Director will determine that Telebright is subject to the minimum tax under the CBT Act. N.J.S.A 54:10A-5(e). It is, therefore, too soon to tell if Telebright’s tax burden will represent a reasonable assessment for “the wide range of benefits provided to the taxpayer, not just the precise activity connected to the interstate activity at issue.” *355 Goldberg, supra, 488 U.S. at 267, 109 S.Ct. at 592, 102 L.Ed.2d at 621.[1]
In light of these conclusions, the Director’s motion for summary-judgment is granted and Telebright’s cross-motion for summary judgment is denied. A Judgment affirming the Director’s final determination will be entered by the Tax Court Clerk.

 The parties agree that Ms. Thirumalai was not engaged in soliciting orders from customers on behalf of Telebright. As a result, P.L. 86-272, 15 U.S.C. §381, and the regulations promulgated to implement that statute, are not implicated here. See AccuZIP, supra, 25 N.J.Tax at 178-185; Pomco Graphics, Inc. v. Director, Div. of Taxation, 13 N.J.Tax 578, 584 (Tax 1993).