*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LEONARD COHEN and SARA MIRIAM A. COHEN,

UNPUBLISHED
March 17, 2022

Petitioners-Appellants,

v

No. 356993
Michigan Tax Tribunal
LC No. 18-003295-TT

CITY OF OAK PARK,

Respondent-Appellee.

Before: O'BRIEN, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

Petitioners appeal as of right the Michigan Tax Tribunal's (MTT's) judgment valuing petitioners' property (the subject property) at $155,800 in true cash value (TCV), and $77,900 in both state equalized value (SEV) and taxable value (TV). We affirm.

## I. BACKGROUND

The subject property is residential property with a single-family dwelling located in Oak Park, Michigan. Petitioners purchased the subject property for $160,000 in 2017. For the 2018 tax year, the subject property's TCV was assessed by respondent at $155,800, and its TV was assessed at $77,900. Petitioners protested this valuation before the Oak Park Board of Review, which confirmed respondent's valuation of the subject property.

Petitioners appealed to the MTT, arguing that the subject property was overvalued because of the manner in which respondent created economic-condition-factor (ECF) neighborhoods in Oak Park. ECFs are used as part of the cost-less-depreciation mass-appraisal technique to adjust costs as listed in the Michigan Assessor's Manual to local conditions. Calculation and application of ECFs requires the grouping of properties into various ECF neighborhoods.[1] Petitioners alleged

---

[1] A basic explanation of ECFs can be found in the Michigan Assessor's Manual. Michigan State Tax Commission, *Michigan Assessor's Manual Volume III* (February 2018), pp 40-42.

that respondent unfairly created ECF neighborhoods on the basis of residents' demographics rather than differences in the properties themselves. Petitioners noted that the ECF neighborhood boundary lines were drawn such that the subject property was placed in the "ECF 30 Etkin" neighborhood, but if the subject property were only one block east, it would be located in the "ECF 30" neighborhood, which, despite containing properties with similar homes built by the same builder at about the same time, were valued lower on average than the properties in ECF 30 Etkin. Petitioners argued that respondent's only reason for separating out the ECF 30 Etkin neighborhood was to unfairly increase respondent's tax revenue from the properties in that neighborhood. Petitioners asked that the ECF neighborhoods be redrawn so that the property values of the subject property and nearby properties in the affected ECF neighborhoods could be recalculated.

Respondent moved for summary disposition, arguing that petitioners could not challenge the creation of ECF 30 Etkin on behalf of all property owners in that ECF neighborhood. The MTT agreed, allowing petitioners' ECF challenge to go forward only with regard to "the calculation of the ECF applied to the assessed and taxable values" assigned to the subject property. As the MTT later explained, "true cash value is always the issue before us," and petitioners' challenge to the ECF neighborhood was allowed to proceed on the theory that an ECF error would affect respondent's assessment of the subject property's true cash value. After a hearing, the MTT upheld respondent's valuation of the subject property, ruling that petitioners had failed to demonstrate any error in relation to the ECF or that the subject property had been otherwise overvalued. Petitioners filed a motion for reconsideration, which the MTT denied. Petitioners now appeal.

## II. STANDARD OF REVIEW

"In the absence of fraud, review of a decision by the Tax Tribunal is limited to determining whether the tribunal erred in applying the law or adopted a wrong principle; its factual findings are conclusive if supported by competent, material, and substantial evidence on the whole record." *Klooster v City of Charlevoix*, 488 Mich 289, 295; 795 NW2d 578 (2011) (quotation marks and citation omitted). To the extent petitioners' arguments constitute a challenge to the MTT's denial of their motion for reconsideration, we review that denial for an abuse of discretion. See, e.g., *Electronic Data Sys Corp v Flint Twp*, 253 Mich App 538, 548; 656 NW2d 215 (2002).

"We review de novo the MTT's interpretation and application of statutes." *Stirling v Leelanau Co*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 353117); slip op at 1 (citations omitted). When interpreting statutes:

> the primary goal . . . is to ascertain and give effect to the intent of the Legislature. The words used by the Legislature in writing a statute provide us with the most reliable evidence of the Legislature's intent. If the statutory language is clear and unambiguous, this Court must apply the statute as written, and no further judicial construction is necessary or permitted. [*Id*. at 2 (quotation marks and citations omitted).]

## III. STANDING

On appeal, petitioners raise an issue with respect to standing, but the argument is difficult to parse. In their "Questions Presented," petitioners frame their standing issue as whether they are "required to have standing to act on behalf of all the property owners . . . [in] the contested ECF for the Tribunal to rule on the ECF issue?" With this framing and a review of the briefing as a whole, it appears that petitioners are trying to ensure that a lack of standing is not used as a reason to withhold a decision on the validity of the ECF neighborhood at issue.

This, however, is not an issue on which this Court can provide relief—this Court cannot assign error to the MTT for holding that petitioners lacked standing to raise ECF issues with regard to the subject property because the MTT never held that. What the MTT held is that "Petitioners have failed to establish that they are parties in interest to any other properties in the ECF neighborhood as required to invoke the Tribunal's jurisdiction" with regard to *other properties*, but allowed the case to continue "with respect to the ECF neighborhood utilized to determine the economic condition [sic] affecting the subject property." Then, in its final judgment, the MTT held petitioners failed to provide "any proof that the subject property's ECF neighborhood was improperly established." Later, in its order denying reconsideration, the MTT clarified that it could consider the effect of the ECF analysis on the reliability of the mass appraisal performed "in this case" but lacked authority to "alter the boundaries of an ECF neighborhood." In short, the MTT never ruled that petitioners lacked standing to challenge the ECF analysis as applied to the subject property, so petitioner's argument in this regard is misplaced.[2]

## IV. JURISDICTION TO ADDRESS ECF ISSUES

Next, petitioners argue the MTT erred by holding it had no "authority over issues related to the establishment review [sic] of ECF neighborhoods." With this issue too, the MTT made no such holding. The MTT allowed petitioners to present their case that the ECF neighborhood for the subject property was invalid and resulted in an inflated valuation of the subject property. After hearing the evidence, the MTT held that petitioners "totally missed the mark in providing any proof that the subject property's ECF neighborhood was improperly established or that the subject property's TCV is less than that assessed by Respondent."

---

[2] In their briefing on appeal, petitioners suggest that other property owners might also have standing, and suggest any relief granted should also apply to other property owners. To the extent petitioners are attempting to argue for relief which would apply beyond the subject property, they have provided no authority for doing so, and the argument is abandoned. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Petitioners have simply failed to explain how they would be entitled to seek relief with regard to properties they do not own and did not identify below. Among other issues, petitioners protested only the assessment of the subject property, and not the assessments of any other properties, to the Board of Review. See MCL 205.735a ("Except as otherwise provided in this section or by law, for an assessment dispute as to the valuation or exemption of property, the assessment must be protested before the board of review before the tribunal acquires jurisdiction of the dispute . . . .").

Petitioners' confusion seems to stem from the MTT's denial of petitioners' motion for reconsideration, in which the MTT reasoned the ECF was

> relevant to a determination as to the reliability of [respondent's] mass appraisal cost-less-depreciation approach in this case, [but] the Tribunal's review of that analysis is limited to determining its reliability and relevancy to this appeal. The tribunal has no authority to alter the boundaries of an ECF neighborhood, and to that end, it erred in stating in the Order Partially Granting Respondent's Motion for Summary Disposition that "there are facts in dispute about what constitutes the appropriate ECF neighborhood . . . ."

Though the language in the reconsideration decision emphasizes the limitations of the MTT's power, the MTT never held that it lacked jurisdiction to address petitioners' argument that the ECF used was invalid and resulted in overvaluation of the subject property. Instead, as explained in the MTT's final judgment, the MTT did assess petitioners' argument about the ECF neighborhoods and found that petitioners failed to show any errors in the creation or application of the ECF or any overvaluation of the subject property.

In sum, the MTT addressed and decided the issues raised by petitioners as related to the valuation of the subject property, including petitioners' challenge to the ECF neighborhood. The precise contours of the MTT's power with regard to ECF errors that affect a taxpayer's property valuation need not be addressed further because petitioners failed to demonstrate any error in the creation of the ECF neighborhood at issue,[3] in calculation of the ECF applied to the subject property, or in the valuation of the subject property. That is, even if it were shown that the MTT's statement about its powers in the denial of reconsideration contained a legal error—a question we do not address—such error would be harmless, and this Court need not correct harmless errors by the MTT. See *Kok v Cascade Charter Twp*, 265 Mich App 413, 418; 695 NW2d 545 (2005); *Syntex Labs v Dep't of Treasury*, 233 Mich App 286, 293; 590 NW2d 612 (1998).

---

[3] In its final judgment, the MTT explained in relevant part:

> [Petitioners'] report does not provide anything that would constitute evidence that Respondent made an error in creating its ECF 30 Etkin neighborhood, and Petitioners' valuation expert admitted that he knows next to nothing about mass appraisal and how ECF neighborhoods are created. For these reasons, the Tribunal finds that Petitioners have totally missed the mark in providing any proof that the subject property's ECF neighborhood was improperly established . . . .

While petitioners do not explicitly contend that the MTT erred by reaching this conclusion, to the extent that petitioners' argument could be interpreted as making such a claim, the MTT adequately supported its finding that petitioners failed to establish that respondent erred in its creation of the ECF neighborhood at issue. Further, as explained in the next section, the MTT properly placed this burden on petitioners. Given our limited review of the MTT's decisions, there is no basis to disturb this ruling.

## V. BURDEN OF PROOF REGARDING ECF NEIGHBORHOODS

Petitioners argue that respondent had the burden of proof with regard to justifying the basis for the ECF applied to the subject property, and failed to meet that burden. In support of their argument, petitioners rely on MCL 205.737(3), which states in relevant part:

(1) The tribunal shall determine a property's taxable value pursuant to section 27a of the general property tax act, 1893 PA 206, MCL 211.27a.

(2) The tribunal shall determine a property's state equalized valuation by multiplying its finding of true cash value by a percentage equal to the ratio of the average level of assessment in relation to true cash values in the assessment district, and equalizing that product by application of the equalization factor that is uniformly applicable in the assessment district for the year in question. The property's state equalized valuation shall not exceed 50% of the true cash value of the property on the assessment date.

(3) The petitioner has the burden of proof in establishing the true cash value of the property. The assessing agency has the burden of proof in establishing the ratio of the average level of assessments in relation to true cash values in the assessment district and the equalization factor that was uniformly applied in the assessment district for the year in question.

Petitioners argue that "the ratio of the average level of assessments in relation to true cash values in the assessment district and the equalization factor that was uniformly applied in the assessment district for the year in question," which respondent had the burden of proof to establish, MCL 205.737(3), include the ECF applied to the subject property.

Petitioners' reading of the statute is untenable. ECFs are calculated and applied by local assessors as part of a cost-less-depreciation mass-appraisal process to create an initial assessment of the TCV of property. See Michigan State Tax Commission, *Michigan Assessor's Manual Volume III* (February 2018), p 40, available at <https://www.michigan.gov/treasury/0,4679,7-121-1751_2228-423932--,00.html> (accessed January 5, 2022).[4] The ECF in this case was thus used by the local assessor to calculate the TCV of the subject property. The burden of proof with regard to TCV is given to petitioners. MCL 250.737(3). It follows that, because TCV is calculated using the ECF, the petitioner has the burden of proof when contesting issues related to ECFs.[5]

---

[4] The State Tax Commission publication quoted by petitioners on appeal makes the same point, though using slightly different language.

[5] A panel of this Court previously arrived at this same conclusion, see *Schoening v Township of Orion*, unpublished per curiam opinion of the Court of Appeals, issued September 15, 2005 (Docket No. 253887), p 3, and other panels have routinely rejected challenges to ECFs on the basis that the petitioner failed to establish that the ECFs were improper, see *Javor v Township of Plymouth*, unpublished per curiam opinion of the Court of Appeals, issued January 27, 2022

Moreover, per the statute, "the ratio of the average level of assessments in relation to true cash values in the assessment district and the equalization factor that was uniformly applied in the assessment district for the year in question" are used by the MTT to "determine a property's state equalized valuation," MCL 205.737(2) and (3), and, again, the ECF here was used when calculating the TCV. That is, the language relied upon by petitioners clearly does not contemplate the ECF here.

Overall, it is clear that MCL 205.737(3) does not place a burden of proof on the assessing agency with regard to justifying the ECF applied to a property as part of the initial assessment process. There was thus no error in the MTT's allocation of the burden of proof.[6]

## VI. CONCLUSION

Affirmed.

/s/ Colleen A. O'Brien
/s/ Douglas B. Shapiro
/s/ Mark T. Boonstra

---

(Docket No. 356238), p 7; *Muskegon River Youth Home, Inc v Township of Sylvan*, unpublished per curiam opinion of the Court of Appeals, issued January 26, 2012 (Docket No. 301329), pp 3-4; *MI Montana, LLC v Township of Custer*, unpublished per curiam opinion of the Court of Appeals, issued September 27, 2007 (Docket No. 269447), p 5.

[6] In their reply brief on appeal, petitioners claim that the purpose of their appearance before the MTT "was litigating the [ECF] while the Tribunal was discussing true cash value." They further assert that respondent makes the same mistake such that "the parties are litigating about what they are litigating about." It is unclear, however, the distinction petitioners are trying to make between litigating the ECF and the TCV. The ECF is used to calculate the TCV when using certain methods. Both respondent and the MTT recognized that petitioners are challenging the ECF because they believe that it is improperly high, which in turn increases petitioners' TCV and the ultimate amount that petitioners owe in taxes. This is the injury that petitioners in their reply brief claim they have suffered—"having to pay higher taxes." It therefore seems that petitioners believe that their argument is only that the ECF is improperly high which unfairly increases their tax burden, such that they are "litigating the [ECF]." This, however, ignores that an improperly high ECF only increases petitioners' tax burden because it is used in assessing the property's value. That is, petitioner's challenge to the ECF is an argument to lower the subject property's TCV, in turn lowering petitioners' tax burden. The MTT permitted petitioners to contest the ECF—and argue for a lower TCV—of the subject property on the basis that the subject property's ECF neighborhood was improperly created. The MTT rejected this argument, however, finding the petitioners failed to present evidence sufficient to establish that the subject property's ECF neighborhood was improperly created, and consequently affirmed the property's TCV.